UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-71-GWU

MARLYN JANE DURHAM,                                      PLAINTIFF,

VS.                       **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

Marlyn Durham brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

  4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

  5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

  6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

  7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

  Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).  Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Durham did not suffer from a "severe" impairment which would significantly affect her ability to perform work-related activities.  (Tr. 18).  Therefore, the claimant could not be considered totally disabled.  (Tr. 21).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Durham did not suffer from a "severe" physical impairment.  Dr. Allen Dawson (Tr. 270) and Dr. Timothy Gregg (Tr. 272) each reviewed the record and opined that it did not reveal the existence of a

"severe" physical impairment.  No treating or examining source of record, including the staff at Central Baptist Hospital (Tr. 122-139), Dr. Steven Schindler (Tr. 140-154), Dr. Laurie Thomas (Tr. 155-162), the staff at Lake Cumberland Regional Hospital (Tr. 163-170), Dr. Michael Citak (Tr. 184-200), Dr. Jerry Yon (Tr. 201-204), Dr. James Wilson (Tr. 205-250, 277-279), and Dr. Martin Fritzhand (Tr. 251-254), identified the existence of functional restrictions which would suggest the existence of a "severe" physical impairment.  Dr. Schindler treated the plaintiff for gastroesophageal reflux and irritable bowel.  (Tr. 140).  Dr. Thomas diagnosed allergic rhinitis.  (Tr. 157).  Dr. Wilson treated the claimant for a number of problems including hypertension, insomnia, back and knee pain, chronic abdominal pain, headaches, allergic rhinitis, palpitations, pharyngitis, irritable bowel syndrome, gastroesophageal reflux disease, urinary tract infections, atypical chest pain, hiatal hernia, chronic fatigue, and constipation (Tr. 207-209, 212-213, 215, 220, 225, 232).  However, the mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  The lack of physical restrictions being reported by Durham's treating and examining sources suggests that these medical problems were not "severe."  These reports provide substantial evidence to support this portion of the administrative decision.

The ALJ also properly concluded that Durham did not suffer from a "severe" mental impairment.  Dr. Wilson diagnosed anxiety on several occasions.  (Tr. 207,

209, 220, 222).  However, the doctor did not impose mental restrictions on the plaintiff.  Psychologist Lea Perritt reviewed the record and opined that it did not reveal the existence of a "severe" mental impairment.  (Tr. 255).  Therefore, substantial evidence supports this part of the administrative decision as well.

Durham argues that the ALJ did not properly evaluate her subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986):  there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Durham was properly found not to suffer from any "severe" impairments.  Even if her non-severe impairments were found to satisfy the first prong of the Duncan test, she does not meet either of the alternative second prongs.  A colonoscopy performed by Dr. Yon failed to produce results which would explain her abdominal pain. (Tr. 203).  Dr. Wilson noted that she was neurologically intact despite back pain complaints. (Tr. 209).  Dr. Fritzhand's physical examination results were largely within normal limits. (Tr. 252-253).  Therefore, the ALJ properly evaluated the plaintiff's pain complaints.

Durham also argues that the ALJ erred in failing to consider the combination of her impairments.  However, as previously noted, she was properly found to suffer

08-71  Marlyn Jane Durham

from no "severe" impairments.  No treating, examining or reviewing medical source of record identified the existence of more severe functional limitations than those found by the ALJ when considering all of her non-severe impairments together.  Therefore, the court must reject the plaintiff's argument.

Finally, Durham asserts that the hypothetical question presented to Vocational Expert James Miller did not fairly characterize her condition.  The ALJ did present a couple of hypothetical questions to Miller which included exertional limitation to medium and light level work as well as a number of non-exertional limitations. (Tr. 297-298).  However, the ALJ ultimately determined that plaintiff did not suffer from a "severe" impairment and, so, did not rely upon the vocational testimony.  The court has previously found that this action was appropriate.  Therefore, this issue is moot.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of October, 2008.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**